# KLEIN LAW GROUP

**JULIA H. KLEIN**
JULIAKLEINLAW@GMAIL.COM

November 17, 2020

Honorable Sarah L. Cave
United States Magistrate Judge United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

    Re:    **<u>Curry v. P&G Auditors and Consultants et al</u>**.
               Index No. 20-cv-06985

Dear Judge Cave:

My firm represents the Plaintiffs in the above-referenced matter, and we write in response to the letter that counsel for P&G Auditors and Consultants, LLC, GRC Solutions, LLC and PGX, LLC ("Contractor Defendants") filed with the Court on November 16, 2020 (the "Letter"), in which the Contractor Defendants request a forty-five day extension of time to respond to Plaintiffs' Complaint. The Contractor Defendants' requested extension should be denied because (i) the Contractor Defendants are already in default since they have not filed a responsive pleading within the twenty-one day period following service of the Complaint, (ii) the Contractor Defendants have known about the pendency of this action September 3, 2020, making an additional forty-five day delay unwarranted and prejudicial, and (iii) the request for additional time by the Contractor Defendants is simply a ruse to force time to pass in order to eviscerate the collective's claims under the Fair Labor Standards Act.

The Contractor Defendants falsely assert that Plaintiffs did not properly serve them with a copy of the Summons and Complaint. Although the Letter does not identify the precise defect in service they allege, in an e-mail dated November 10, 2020, Michael Goettig, counsel for the Contractor Defendants, stated that, "we observe that the certificates of service indicate that a single copy of the complaint was purportedly served on the Secretary of State without the required fee, which is not proper service." If this is the basis for the Contractor Defendants' assertion that service was defective, the assertion is specious and frivolous. As noted to Mr. Goettig, Plaintiffs' process server, upon serving the Secretary of State with three separate copies of the Summons and Complaint (one for each of the three Contractor Defendants), paid three separate $40 statutory filing fees. Indeed, upon information and belief, the Secretary of State does not accept service unless this statutory fee is paid. If required by the Court, Plaintiffs will gladly amend and re-file their affidavits of service to reflect that this fee was paid, but there is no requirement to confirm that this statutory fee is paid upon service to the Secretary of State, and the absence of this reference on the affidavits of service should not serve as grounds to excuse Contractor Defendants' default in responding to Plaintiffs' Complaint within the statutory timeframe.

Moreover, the Contractor Defendants cannot assert any other defect in service because the Summonses and Complaints were properly served on each of the Contractor Defendants. Section 304 of the New York State Limited Liability Company Law governs service of process on foreign, unauthorized limited liability companies such as the Contractor Defendants. The statute provides

Judge Sarah L. Cave
November 17, 2020
Page 2

that: (i) the summons and complaint must be served upon the Secretary of State, or its agent, along with the statutory fee (which, as discussed above, happened) and (ii) a copy of the summons, complaint, and affidavit of service upon the Secretary of State must be sent to the foreign limited liability company by registered mail, return receipt requested, at either foreign LLC's registered agent, or if no such agent is specified, to the last address of such foreign limited liability company known to the plaintiff. Plaintiffs satisfied the second and final element necessary for effective service when Plaintiffs sent a copy of the Summons, Complaint and Affidavit of Service upon the Secretary of State, to the last known address of each of the Contractor Defendants by registered mail, return receipt requested.[1] Proof of this service was noted in the Affidavits of Service that were filed with the Court (Dkt. Nos. 23-25). Plaintiffs, therefore, properly served the Contractor Defendants and the Contractor Defendants' arguments asserting improper service are meritless.

As noted above, Plaintiffs served the Contractor Defendants with the Summons and Complaint more than 21 days ago, and therefore their time to respond to the Complaint has lapsed pursuant to FRCP 21(a)(1)(A)(i). As detailed in the chart below, each of the Contractor Defendants are in default because the last possible day the Contractor Defendants had to file a timely Answer to the Complaint was either November 5th or 6th.

| Contractor Defendant | Date of Service of Process on the Secretary of State | 21 days following service on the Secretary of State | Date of mailing to Defendants' last known address | 21 days following mailing[2] |
|---|---|---|---|---|
| P&G | September 28, 2020 | October 19, 2020 | October 15, 2020 | November 5, 2020 |
| GRC | October 7, 2020 | October 28, 2020 | October 15, 2020 | November 5, 2020 |
| PGX | October 7, 2020 | October 28, 2020 | October 16, 2020 | November 6, 2020 |

As of the writing of this letter, twelve days have passed since the deadline to Answer the Complaint. Accordingly, the Court should not only decline to grant the Contractor Defendants' request to extend their deadline to Answer the Complaint, but should find that the Contractor Defendants are in default.

Counsel for the Contractor Defendants attempt to present good cause to excuse their default by stating that they "only recently finalized the terms of its representation of the Contractor

---

[1] Notably, to the best of Plaintiffs' knowledge, none of the Contractor Defendants designated an agent for receipt of service, therefore the subsequent mailing could not be sent directly to a registered agent.
[2] It is not clear whether service is considered effective upon service to the Secretary of State, or upon mailing a copy of the Summons, Complaint and Affidavit of Service upon the Secretary of State to the Defendant's last known address. Regardless, the Contractor Defendants are in default.

Defendants in this action." This assertion should be viewed with skepticism. Mr. Goettig's firm represented the same exact Contractor Defendants in a virtually identical case encaptioned *Damani Bediako and Kia Miller v. P&G Auditors and Consultants, LLC, et al.*, Index No. 1:19-cv-02527. The *Bediako* action asserts nearly identical claims to those asserted by Plaintiffs here. It seems unlikely that in light of the temporal and substantive overlap of the claims asserted in *Bediako* and the claims asserted in the present action, and that they have now been retained for this Action, that the Contractor Defendants' alleged hesitation in formally retaining Davis Wright Tremaine LLP to defend them in this Action was caused by anything other than strategic delay.

Moreover, the Contractor Defendants fail to disclose to the Court that the Plaintiffs requested Contractor Defendants' counsel to accept service back in September. Specifically, the undersigned reached out to Mr. Goettig on September 3, 2020, to inform him that this lawsuit had been filed and volunteered that, "[w]e are of course willing to extend your time to respond to the Complaint if you accept service of the Complaint on behalf of your clients." Mr. Goettig responded on September 4, 2020, **seventy-four days ago**, "I'm not authorized to accept service of process, but I am authorized to enter into pre-litigation settlement negotiations. If you are interested in doing so, I suggest that you refrain from service pending those discussions." Despite Mr. Goettig's representation to the Court that his firm was only recently retained, Mr. Goettig has been acting in the Contractor Defendants' interest since September 4, by setting settlement negotiation terms and conditions. In any event, this conversation indicates that the Contractor Defendants have been aware of the lawsuit for months yet denied a basic courtesy to Plaintiffs. Their bad faith should not be rewarded with an additional extension of time to respond to the Complaint.

Most importantly, these attempts by Contractor Defendants to evade service have resulted in causing delay. Delay is a powerful litigation tactic for the Contractor Defendants because the collective that Plaintiffs represent worked in 2017 and 2018 and the statute of limitations for claims under the Fair Labor Standards Act continue to run. In other words, causing delay by raising meritless objections to service (and refusing to toll statute of limitation or to facilitate notice to the collective) causes each member of the collective to lose days and weeks and months of claims under the FLSA. This tactic further reinforces the need to have the Court authorize the mailing of 216(b) notices to the collective as expeditiously as possible.

Finally, we note that the Contractor Defendants have made reference to cross-claiming or seeking to join claims against the Plaintiffs, or the entities that the Contractor Defendants forced the Plaintiffs to form as a sham to "justify" the independent contractor scheme. Suffice to say, the Court should not countenance this brazen retaliatory conduct and Plaintiffs respectfully reserve the right to amend the Complaint to assert retaliation claims against the Contractor Defendants should the Contractor Defendants attempt to pursue this course of action, which is solely designed to intimidate the members of the collective from exercising their statutory rights to opt-in and participate in this Action. As always, we thank the Court for its time and attention to this matter.

Respectfully submitted,

Julia Klein