UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH CURRY, RICARDO MAZZITELLI, JACQUELINE BROWN PILGRIM, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br>- against -<br><br>P&G AUDITORS AND CONSULTANTS, LLC; GRC SOLUTIONS, LLC; PGX, LLC; AND APPLE BANCORP, INC. d/b/a APPLE BANK FOR SAVINGS,<br><br>Defendants. | Case No. 20-cv-6985-LTS-SLC |

DECLARATION JULIA H. KLEIN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR EXPEDITED DISCOVERY

I, Julia H. Klein, Esq., affirm under the penalties of perjury as follows:

1. I am a partner of Klein Law Group of New York, PLLC ("KLG") in New York, New York, counsel of record for Plaintiffs in this matter. KLG is an employment litigation firm based in New York City that represents plaintiffs in a variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I am primarily responsible for prosecuting Plaintiffs' claims.

3. I submit this Declaration to place before the Court certain facts and documents relied upon by Plaintiffs in their motion for conditional class certification, court-authorized notice, and expedited discovery, pursuant to 29 U.S.C. § 216(b).

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Complaint.

5. Attached hereto as Exhibit B is a true and correct copy of Defendant Apple Bank's Answer and Affirmative Defenses.

6. Recently, Apple Bancorp, Inc. d/b/a Apple Bank for Saving filed a motion for summary judgment. Plaintiffs' deadline to respond is January 11, 2021.

7. Defendants P & G Auditors and Consultants, LLC, ("P&G"), GRC Solutions, LLC ("GRC"), PGX, LLC ("PGX") (collectively, "Contractor Defendants") have not yet filed an answer to the Complaint.

8. Formal discovery has not yet commenced.

9. Attached hereto as Exhibit C is a true and correct copy of a complaint in the matter styled *Damani Bediako and Kia Miller v. P&G Auditors and Consultants, LLC, et* al., Case No. 1:19-cv-02527.

10. Attached hereto as Exhibit D is a true and correct copy of the settlement in the matter styled *Damani Bediako and Kia Miller v. P&G Auditors and Consultants, LLC, et* al., Case No. 1:19-cv-02527 that was submitted to the Court for *Cheeks* approval.

11. Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' proposed Judicial Notice to be sent to members of the collective by regular mail and email.

12. Attached hereto as Exhibit F is a true and correct copy of Plaintiffs' proposed Text Message Notice.

13. Attached hereto as Exhibit G is a true and correct copy of Plaintiff's proposed Reminder Letter.

14. The Contractor Defendants are presently engaging in a pattern of intimidation to dissuade Plaintiffs from pursuing this Action and have sent mailings to the Plaintiffs threatening

to sue them for indemnification and contribution should Plaintiffs continue to pursue this Action. Attached hereto as Exhibit H and Exhibit I are true and correct copies of 2 such letters.

15. Apple Bank is a bank holding company that operates in the New York metropolitan area and that has its principal executive offices at 205 East 42nd Street New York, New York 10017.

16. The Contractor Defendants provide technology consulting services to financial institutions in support of their business strategy, cybersecurity, and/or financial crimes prevention. Attached hereto as Exhibit J is a Master Services Agreement between GRC and Apple Bank that described GRC's business purpose.

17. Based on information received from Apple Bank, Plaintiffs have learned that the Federal Deposit Insurance Corporation ("FDIC") entered into a Consent Order dated December 16, 2015, ("Consent Order") that required Apple Bank to perform a validation of the Bank's suspicious activity monitoring system, regarding its Bank Secrecy Act ("BSA") and Anti-Money Laundering Compliance Program. Pursuant to the consent order, Apple Bank was required to review all customer accounts and transaction activity for the time period beginning October 1, 2014 through December 16, 2015

18. Similarly, Plaintiffs have learned that New York State Department of Financial Services ("NYSDFS") and Apple Bank entered into a Memorandum of Understanding dated January 29, 2016 that required Apple Bank to conduct a review of all customer accounts and transaction activity for the time period beginning October 1, 2014 through December 16, 2015 . . . to determine whether suspicious activity was properly identified and reported in accordance with the applicable suspicious activity reporting requirements.

Dated: December 10, 2020
      Fairfield County, Connecticut

                                                  By: /s/ Julia H. Klein
                                                         Julia H. Klein, Esq.