UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

KENNETH CURRY, RICARDO MAZZITELLI,
JACQUELINE BROWN PILGRIM, on behalf of
themselves and others similarly situated,

                    Plaintiffs,

      -against-

P&G AUDITORS AND CONSULTANTS, LLC; GRC
SOLUTIONS, LLC; PGX LLC; AND APPLE
BANCORP, INC. d/b/a APPLE BANK FOR SAVINGS,

                    Defendants.

---------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 20-cv-06985 (LTS)

**ANSWER OF DEFENDANT
APPLE BANK FOR SAVINGS
SUED HEREIN AS APPLE
BANCORP, INC. d/b/a
APPLE BANK FOR SAVINGS**

Defendant Apple Bank for Savings (the "Bank"), sued herein as Apple Bancorp, Inc.

d/b/a Apple Bank for Savings, by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP,

for its answer and affirmative defenses to the complaint of Kenneth Curry ("Curry"), Ricardo

Mazzitelli ("Mazzitelli"), and Jacqueline Brown Pilgrim ("Pilgrim," collectively "Plaintiffs"), on

behalf of themselves and others similarly situated, and for its cross-claim against defendant GRC

Solutions, LLC, states as follows:

## NATURE OF THE ACTION

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 2 of the complaint.

## JURISDICTION

3.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraphs 3 of the complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

## PARTIES

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7.      Denies that Curry was employed by the Bank in any capacity and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8.      Denies that Curry worked as an employee for the Bank in any capacity and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth paragraph 8 of the complaint.

9.      Denies that Curry is or ever was an employee of the Bank, covered or not within the meaning of the FLSA or NYLL, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11.      Denies that Mazzitelli was employed by the Bank in any capacity and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Denies that Mazzitelli worked as an employee of the Bank in any capacity and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13. Denies that Mazzitelli is or ever was an employee of the Bank, covered or not within the meaning of the FLSA or NYLL, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Denies that Pilgrim worked as an employee of the Bank in any capacity and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Denies that Pilgrim was employed by the Bank in an AML or any other capacity and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Denies that Pilgrim is or ever was an employee of the Bank, covered or not within the meaning of the FSLA or NYLL, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint.

33.    Denies the allegations of paragraph 33 of the complaint and asserts that Apple Bank for Savings, sued herein as Apple Bancorp, Inc. d/b/a Apple Bank for Savings, is a state-chartered savings bank headquartered, as a matter of record, in Manhasset, New York, with its principal place of business at 122 East 42nd Street, New York, NY.

34.    Denies the allegations set forth in paragraph 34 of the complaint.

35.    Denies the allegations set forth in paragraph 35 of the complaint.

36.    Denies the allegations set forth in paragraph 36 of the complaint.

37.    Denies the allegations set forth in paragraph 37 of the complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the complaint.

42.    Admits that the annual gross revenue of the Bank was in excess of $500,000.00 per annum during the relevant time periods.

43.    Denies the allegations set forth in paragraph 43 of the complaint.

5

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint, but denies that the Bank was a client of P&G or PGX.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the complaint.

48.     Denies the allegations set forth in paragraph 48 of the complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the complaint, but denies that the Bank was a client of P&G or PGX.

50.     Denies the allegations set forth in paragraph 50 of the complaint and asserts that by a Consent Order dated December 16, 2015 ("Consent Order"), the Federal Deposit Insurance Corporation ("FDIC") required the Bank, regarding its Bank Secrecy Act ("BSA")/Anti-Money Laundering ("AML") Compliance Program, in accordance with applicable BSA/AML statutory and regulatory requirements, to "engage a qualified firm acceptable to the Regional Director to," among other things, (1) "perform a validation of the Bank's suspicious activity monitoring system, which shall include testing of the effectiveness of established filtering criteria and thresholds and ensuring that the system appropriately detects potentially suspicious activity," (2) "conduct a review of all accounts and transaction activity for the time period beginning October 1, 2014 through the effective date of the ORDER to determine whether suspicious activity

656884_8/00452-0209

involving any accounts or transactions within or through the Bank was properly identified and reported in accordance with the applicable suspicious activity reporting requirements ('Look Back Review')," and (3) upon completion of the Look Back Review, "prepare any additional CTRs and SARs necessary based on the review." Similarly, by a Memorandum of Understanding dated January 29, 2016 ("Memorandum of Understanding"), the New York State Department of Financial Services ("NYSDFS") required the Bank, regarding its BSA/AML Compliance Program, in accordance with the relevant regulations of the NYSDFS, as well as the rules and regulations of the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC"), to "engage a qualified firm acceptable to the Superintendent to," among other things, (1) "perform a validation of the Bank's suspicious activity monitoring system, which shall include testing the effectiveness of established filtering criteria and thresholds and ensuring that the system appropriately detects potentially suspicious activity" and (2) "conduct a review of all accounts and transaction activity for the time period beginning October 1, 2014 through December 15, 2015… to determine whether suspicious activity involving any accounts or transactions within or through the Bank was properly identified and reported in accordance with the applicable suspicious activity reporting requirements (the 'Look Back Review')."

51. Denies the allegations set forth in paragraph 51 of the complaint and asserts that the Bank engaged GRC to undertake work in furtherance of regulations, and in conformance with Federal and State directives, mandating, among other things, independent testing to monitor and maintain an adequate BSA/AML Compliance Program.

52. Denies the allegations set forth in paragraph 52 of the complaint and asserts, upon information and belief, that GRC's personnel, whether employees, representatives, agents and/or

7

subcontractors, required access to the information technology resources of the Bank to perform their work, for which GRC was engaged by the Bank.

53.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the complaint and asserts that the Bank has existing BSA/AML and OFAC policies and procedures, and employees whose work involves such policies and procedures, the independent review of which was among the functions for which the FDIC and the NYSDFS required the Bank to engage GRC or another qualified firm acceptable to the Regional Director of the FDIC and the Superintendent of the NYSDFC.

54.　　Denies the allegations set forth in paragraph 54 of the complaint.

55.　　Denies the allegations set forth in paragraph 55 of the complaint.

## COLLECTIVE ACTION ALLEGATIONS

56.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the complaint,

57.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the complaint, but denies that the Bank has any such liability.

58.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the complaint, but denies that the Bank's alleged "policies and patterns or practices" have any bearing on this issue.

59.　　Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint.

60.　　Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the complaint.

## NEW YORK CLASS ACTION ALLEGATIONS

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the complaint.

66.     Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the complaint.

71.     Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the complaint.

## STATEMENT OF FACTS

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the complaint except admits that GRC markets itself as a provider of consulting services to assess the efficiency of technology used by banks to monitor, among other things, Bank Secrecy Act, Anti-Money Laundering, Office of Foreign Assets Control programs, and other risk-based regulations.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the complaint.

75.     Admits that the Bank is a state-chartered bank, operating in the New York metropolitan area, headquartered as a matter of record in Manhasset, New York.

76.     Denies that Plaintiffs were employed or jointly employed by the Bank or that the Bank was a client of P&G or PGX, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the complaint.

77.     Denies the allegations set forth in paragraph 77 of the complaint.

78.     Denies the allegations set forth in paragraph 78 of the complaint, except admits that in furtherance of GRC's independent consulting services, the Bank was contractually obligated by GRC to provide its personnel with access to the Bank's information technology resources and, therefore, to make temporary office space at a branch of the Bank available to GRC's personnel at such times as they and GRC reasonably required.

79.     Denies each and every allegation set forth in paragraph 79 of the complaint, except admits that in furtherance of GRC's independent consulting services, the Bank was

10

contractually obligated by GRC to provide its employees with access to the Bank's information technology resources and, therefore, to make temporary office space at a branch of the Bank available to GRC's employees at such times as they and GRC reasonably required. At times when such employees needed access after standard hours of operation, the Bank necessarily provided security to ensure the safety of these invitees.

80. Denies the allegations set forth in paragraph 80 of the complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the complaint, and asserts that the Bank has existing BSA/AML and OFAC policies and procedures, and employees whose work involves such policies and procedures, the independent review of which was among the functions for which GRC was engaged.

83. Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the complaint.

85. Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the complaint.

86. Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the complaint.

87. Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the complaint.

**Kenneth Curry**

88.     Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the complaint.

656884_8/00452-0209

99.     Denies as to the bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the complaint.

103.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the complaint.

104.    Denies that Curry worked as an employee of the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the complaint.

105.    Denies that Curry worked as an employee of the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the complaint.

109.    Denies the allegations set forth in paragraph 109 of the complaint, to the extent it alleges that the Bank employed Plaintiffs or, therefore, imposed a "condition of employment" on any of them, and asserts that the Bank's "Acceptable Use Policy," applicable to users who require access to the Bank's information technology resources, is required to be signed by, among others, all personnel affiliated with third parties.

**Ricardo Mazzitelli**

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the complaint.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the complaint.

114.    Denies that Mazzitelli was an employee of the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the complaint.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the complaint.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the complaint.

117.    Denies the allegations set forth in paragraph 117 of the complaint, to the extent it alleges that the Bank employed Plaintiffs or, therefore, imposed a "condition of employment" on

656884_8/00452-0209

any of them, and asserts that the Bank's "Acceptable Use Policy," applicable to users who require access to the Bank's information technology resources, is required to be signed by, among others, all personnel affiliated with third parties.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the complaint.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the complaint.

**Jacqueline Brown Pilgrim**

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the complaint.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the complaint.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the complaint.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the complaint.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the complaint.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the complaint.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the complaint.

128.     Denies the allegations set forth in paragraph 128 of the complaint, to the extent it alleges that the Bank employed Plaintiffs or, therefore, imposed a "condition of employment" on any of them, and asserts that the Bank's "Acceptable Use Policy," applicable to users who require access to the Bank's information technology resources, is required to be signed by, among others, all personnel affiliated with third parties.

129.     Denies that the Bank was aware that Plaintiffs were entitled to overtime pay for all overtime hours they worked and that there was no possible exemption applicable to them, because they were paid on an hourly, rather than salary basis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the complaint.

130.     Denies that the Bank failed to act in good faith or had any obligation to rely on the enumerated items regarding Plaintiffs given that the Bank was not their employer and did not have joint employer status, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the complaint.

131.     Denies that the Bank acted willfully in failing to pay Plaintiffs and the collective and class members in accordance with the law, or that the Bank had any obligation to pay them, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the complaint.

132.     Denies that the Bank had any obligation to maintain such records or, therefore, failed to do so, accurately or otherwise, and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the complaint.

## AND AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
### Violation Of 29 U.S.C. §201 et seq. Overtime Compensation

133.    With respect to the allegations set forth in paragraph 1 through 132 of the complaint, the Bank repeats and realleges the responses to paragraphs 1 through 132 as though the same were fully set forth herein.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the complaint.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the complaint.

136.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the complaint.

137.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the complaint.

138.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the complaint.

139.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the complaint.

## AND AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### Violation Of The New York Labor Law

140.    With respect to the allegations set forth in paragraph 1 through 139 of the complaint, the Bank repeats and realleges the responses to paragraphs 1 through 139 as though the same were fully set forth herein.

656884_8/00452-0209

141.    Denies that plaintiffs and members of the class were employed by the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the complaint.

142.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the complaint.

143.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the complaint.

144.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the complaint.

### AND AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
**Violation Of New York Labor Law—Failure To Provide Accurate Wage Statements**

145.    With respect to the allegations set forth in paragraph 1 through 144 of the complaint, the Bank repeats and realleges the responses to paragraphs 1 through 144 as though the same were fully set forth herein.

146.    Denies as to the Bank, which had no such obligations regarding Plaintiffs or NYLL class members, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the complaint.

147.    Denies as to the Bank, which had no such obligations regarding Plaintiffs or NYLL class members, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the complaint.

148.    Denies as to the Bank, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the complaint.

149.    Denies as to the Bank, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the complaint.

656884_8/00452-0209

### AND AS FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
**New York Labor Law—Failure To Provide Proper Time Of Hire Notice**

150.    With respect to the allegations set forth in paragraph 1 through 149 of the complaint, the Bank repeats and realleges the responses to paragraphs 1 through 149 as though the same were fully set forth herein.

151.    Denies any such obligations on the part of the Bank or that the Bank was an employer of Plaintiffs or purported NYLL class members, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the complaint.

152.    Denies as to the Bank and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

153.    The complaint fails to state a claim against the Bank for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

154.    The Bank is not an employer of Plaintiffs under the FSLA, the NYLL, or in any other respect.

### THIRD AFFIRMATIVE DEFENSE

155.    The Bank is not a joint employer of Plaintiffs with other Defendants, or any of them.

### FOURTH AFFIRMATIVE DEFENSE

156.    Plaintiffs either fail to consider, or feign indifference to, the fact that the Bank engaged GRC to undertake required *independent* testing for compliance regarding the Bank's

19

AML program requirements in accordance with, among other regulations, 31 CFR § 1020.210 and 31 U.S. Code § 5318. An independent AML audit, testing a financial institution's AML program and its adequacy, is periodically required.

157.    It is commonly understood that a pillar of an effective AML program is an independent audit function to test such a program. Many financial institutions use independent third parties, like GRC, to conduct AML and related validations, reviews, and risk assessments. The gravamen of plaintiffs' claims against the Bank, that it used GRC's employees as a subterfuge to evade obligations under the FLSA and NYLL, contradicts the purpose and intent of AML and related regulations to ensure independently conducted periodic reviews of the Bank's AML and related practices and procedures.

## FIFTH AFFIRMATIVE DEFENSE

158.    By the Consent Order, the FDIC *required* an independent review of the Bank's existing BSA/AML and OFAC policies and procedures. The FDIC Consent Order required the Bank to "engage a qualified firm acceptable to the Regional Director to" among other things, (1) "perform a validation of the Bank's suspicious activity monitoring system, which shall include testing of the effectiveness of established filtering criteria and thresholds and ensuring that the system appropriately detects potentially suspicious activity," (2) "conduct a review of all accounts and transaction activity for the time period beginning October 1, 2014 through the effective date of the ORDER to determine whether suspicious activity involving any accounts or transactions within or through the Bank was properly identified and reported in accordance with the applicable suspicious activity reporting requirements ('Look Back Review')," and (3) upon completion of the Look Back Review, "prepare any additional CTRs and SARs necessary based on the review."

20

159.    Similarly, by the Memorandum of Understanding, NYSDFS required the Bank, regarding its BSA/AML Compliance Program, in accordance with the relevant regulations of the NYSDFS, as well as the rules and regulations of the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC"), to "engage a qualified firm acceptable to the Superintendent" to,  among other things, (1) "perform a validation of the Bank's suspicious activity monitoring system, which shall include testing the effectiveness of established filtering criteria and thresholds and ensuring that the system appropriately detects potentially suspicious activity" and (2) "conduct a review of all accounts and transaction activity for the time period beginning October 1, 2014 through December 15, 2015… to determine whether suspicious activity involving any accounts or transactions within or through the Bank was properly identified and reported in accordance with the applicable suspicious activity reporting requirements (the 'Look Back Review')."

160.    Accordingly, the Bank did not engage GRC as a broker, and did not engage GRC or its employees as a subterfuge to evade requirements under the FLSA and NYLL, but engaged GRC as a "qualified firm," accepted as such by the Regional Director of the FDIC and the Superintendent of the NYSDFS, to independently validate key BSA/AML/OFAC components in operation at the Bank, in compliance with the Bank's obligations under the Consent Order and the Memorandum of Understanding.

## SIXTH AFFIRMATIVE DEFENSE

161.    The Bank and GRC executed comprehensive proposals, tendered by GRC to the Bank, for the work GRC was engaged to undertake for the Bank, as well as a fully-executed Master Services Agreement ("MSA"), all of which confirm that Plaintiffs were employees of GRC, and that the Bank was not their employer or a joint employer.

656884_8/00452-0209

162.     The proposals and the MSA provide, in relevant part, among other things:  that the Bank engaged GRC for *independent* validation of key BSA/AML/OFAC components in operation at the Bank and for *independent* transaction look back reviews; and, that GRC *employs* Certified Anti-Money Laundering Specialists (CAMS), Operations, and other subject matter experts across a broad spectrum of BSA/AML/OFAC activities.

163.     These documents also provide that, for GRC to undertake this and related work, GRC must be able to access the Bank's systems and internal assessments. These documents also address the manner in which GRC would bill the Bank, including by advance  payment of a percentage of GRC's estimated fees followed by bills for the balance of such fees based on hours incurred, plus other costs including, but not limited to, an allocated administrative overhead factor on total gross fees.

164.     These contractual agreements also include GRC's estimates of cost, hourly rates for its Data analysts, BSA analysts, quality control employees, project manager, and managing director, with GRC's detailed descriptions of the roles of each category of its employees, as well as GRC's estimates for the duration of field work, and GRC's estimated hours to be worked by its various employees.

165.     The executed proposals, all provided by GRC to the Bank, also provide as follows: "To maintain the level of independence, the Bank agrees not to engage in a discussion or make a potential offer of employment to an existing or former employee of GRC without the consent of [GRC]. Such a solicitation can have a severe impact on [GRC's] operation and compromise the integrity of the work." GRC's non-solicitation language in GRC's MSA, executed by the Bank, provides that the basis for GRC's insistence on non-solicitation is "to

22

avoid the potential for (or appearance of) any actual or potential conflict of interest (including, without limitation, *lack of GRC Agent independence . . .*" (Emphasis added.)

166.    Further, the MSA provides "Apple Bank has *no responsibility for the supervision and/or monitoring* of GRC agents to ensure their compliance with the MSA and [Statement of Work] terms and conditions." (Emphasis added.)

## SEVENTH AFFIRMATIVE DEFENSE

167.    All or virtually all Plaintiffs and others on whose behalf they purport to pursue their alleged class and collective action complaint have admitted that the Company by which they were employed was not the Bank but was GRC.

## EIGHTH AFFIRMATIVE DEFENSE

168.    Plaintiffs and the individuals they purport to represent, if not employees of GRC, were independent contractors, and thus not covered by either the FLSA or NYLL.

## NINTH AFFIRMATIVE DEFENSE

169.    The claims of Plaintiffs and the individuals they purport to represent are barred, in whole or in part, by applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

170.    Plaintiffs and the individuals they purport to represent cannot meet their burden to establish that the Bank's alleged unlawful failure to pay them overtime, based on a purported obligation to do so, was a willful violation of federal or state law.

## ELEVENTH AFFIRMATIVE DEFENSE

171.    Plaintiffs and the individuals they purport to represent fail to allege facts sufficient to support an award of liquidated damages against the Bank.

23

## TWELFTH AFFIRMATIVE DEFENSE

172.     The claims of Plaintiffs and the individuals they purport to represent are barred, in whole or in part, by statutory exclusions, exemptions, or exceptions under the FLSA and NYLL.

## THIRTEENTH AFFIRMATIVE DEFENSE

173.     The claims of Plaintiffs and the individuals they purport to represent are barred as to all hours allegedly worked of which the Bank lacked actual or constructive knowledge.

## FOURTEENTH AFFIRMATIVE DEFENSE

174.     The claims of Plaintiffs and the individuals they purport to represent are barred to the extent that plaintiffs lack standing to assert such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

175.     The claims of Plaintiffs and the individuals they purport to represent are barred, in whole or in part, to the extent that such claims have been released or waived.

## SIXTEENTH AFFIRMATIVE DEFENSE

176.     The claims of Plaintiffs and the individuals they purport to represent are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or set-off.

## SEVENTEENTH AFFIRMATIVE DEFENSE

177.     The claims of Plaintiffs and the individuals they purport to represent are barred as to all hours during which Plaintiffs and the individuals they purport to represent were engaged in activities that were preliminary or postliminary to their principal job activities as employees of GRC.

656884_8/00452-0209

### EIGHTEENTH AFFIRMATIVE DEFENSE

178.    The claims of the Plaintiffs and the individuals they purport to represent are barred, in whole or in part, to the extent that the amount of time for which payment is sought, if unpaid time can be established (which the Bank denies), was *de minimis*.

### NINETEENTH AFFIRMATIVE DEFENSE

179.    The Bank was under no duty to provide wage statements to Plaintiffs and the individuals they purport to represent.

### TWENTIETH AFFIRMATIVE DEFENSE

180.    The Bank was under no duty to provide time of hire notices to Plaintiffs and the individuals they purport to represent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

181.    The claims of Plaintiffs and the individuals they purport to represent are not appropriate for collective treatment because, among other reasons, such claims are individualized, and collective action is not an appropriate method for the fair and efficient adjudication of this controversy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

182.    The putative class asserted in the complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

183.    The putative class asserted in the complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact involved in this putative class action.

656884_8/00452-0209

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

184.    The putative class asserted in the complaint is inappropriate for class certification because Plaintiffs' claims are not typical of the claims of other members of the asserted putative class.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

185.    The putative class asserted in the complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

186.    The putative class asserted in the complaint is inappropriate for class certification because neither Plaintiffs nor their counsel is able to fairly and adequately protect the interest of all members of the alleged putative class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

187.    The putative class asserted in the complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

## AS TO THE PRAYER FOR RELIEF

188.    The Bank denies that Plaintiffs are entitled to any relief whatsoever, as against the Bank, and respectfully requests that this Court dismiss Plaintiffs' claims against the Bank with prejudice.

## RESERVATION OF RIGHTS

189.    The Bank reserves the right to amend this answer and defenses, including its responses to the allegations of the complaint, and to add any and all additional defenses as they become known through discovery or investigation.

656884_8/00452-0209

## AND AS FOR THE BANK'S CROSSCLAIM AGAINST GRC

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1367 because the Bank's crossclaim against GRC forms part of the same case or controversy as other claims over which this Court has original jurisdiction.

2.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Bank's crossclaim occurred in this District.

### THE PARTIES

3.      The Bank is a state-chartered savings bank with its principal place of business at 122 East 42nd Street, New York, NY.

4.      Upon information and belief, GRC is a foreign limited liability company with its principal place of business located in East Brunswick, New Jersey.

### STATEMENT OF FACTS

5.      The Bank engaged GRC as a "qualified firm," accepted as such by the Regional Director of the FDIC and the Superintendent of the NYSDFS, to independently validate key BSA/AML/OFAC components in operation at the Bank, in compliance with the Bank's obligations under the Consent Order, the Memorandum of Understanding, and federal and state regulations.

6.      The Bank entered into a Master Services Agreement ("MSA") with GRC on or about March 29, 2018.

7.      Pursuant to paragraph 8 of the MSA, GRC agreed, "[i]n the event of the gross negligence, willful misconduct or violations of law or legal regulations caused by GRC and GRC Agents in performance of the services under this MSA or [a Statement of Work], GRC shall

656884_8/00452-0209

forever release, indemnify and hold harmless the Bank, its directors, officers, employees or representatives harmless from and against any claim, demand, action, suit, cause of action, proceeding, special proceeding, judgments, settlements, costs or expenses (including reasonable attorneys' fees and costs) (A) for alleged injuries to persons or property liability and for any loss, item of damages, including consequential damages, restitution or other orders, legal or regulatory violations, including fines assessed or levied against the Bank or any of the aforementioned persons by any regulatory agency or body (herein, "Loss") attributable to GRC or GRC Agents, and/or (B) for any such Loss (except for consequential damages) similarly incurred or sustained by a third-party, person or entity by reason thereof."

## CAUSE OF ACTION
### (Contractual Indemnity)

8.　　The Bank repeats and realleges the allegations set forth in paragraphs 1 through 7 of its crossclaim as if fully set forth herein.

9.　　The MSA is a valid and enforceable contract, supported by consideration, between GRC and the Bank.

10.　　The Bank has performed its contractual obligations under the MSA.

11.　　Upon information and belief, based on the allegations in Plaintiffs' complaint, GRC has not performed its contractual obligations under the MSA as a result of having exposed the Bank to damages and other losses, including reasonable attorneys' fees and costs, regardless of the meritless nature of Plaintiffs' claims against the Bank, by virtue of GRC's failure to pay its employees in accordance with the requirements of the FLSA and the NYLL.

12.　　Pursuant to the MSA, GRC is required to indemnify and hold the Bank harmless in the event of its gross negligence, willful misconduct, and violations of law or legal regulations

28

attributable to GRC with respect to damages and other losses, including reasonable attorneys' fees and costs.

**WHEREFORE**, the Bank respectfully requests that the Court dismiss Plaintiffs' claims against the Bank in their entirety, with prejudice, with a judgment on its crossclaim, and award the Bank its costs and attorneys' fees incurred in the defense of this matter, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
October 15, 2020

           **INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP**

By: _____

Dean G. Yuzek (dyuzek@ingramllp.com)
Jennifer B. Zourigui (jzourigui@ingramllp.com)
Amanda B. Grannis (agrannis@ingramllp.com)
150 East 42nd Street, 19th Floor
New York, New York, 10017
(212) 907-9600
*Attorneys for Apple Bank for Savings sued
herein as Apple Bancorp, Inc.
d/b/a Apple Bank for Savings*

656884_8/00452-0209