UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNETH CURRY, RICARDO MAZZITELLI,     :    Case No. 20-cv-06985 (LTS) (SLC)
JACQUELINE BROWN PILGRIM, on behalf of    :
themselves and others similarly situated,    :
   :
   :
Plaintiffs,    :
   :
   :
-against-    :
   :
   :
P&G AUDITORS AND CONSULTANTS, LLC; GRC    :
SOLUTIONS, LLC; PGX, LLC; AND APPLE    :
BANCORP, INC. d/b/a APPLE BANK FOR SAVINGS,    :
   :
Defendants.    :
   :
------------------------------------------------------------------------ x

**DEFENDANT APPLE BANK'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION**

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**
150 East 42nd Street, Floor 19
New York, New York 10017
(212) 907-9600
*Attorneys for Defendant*
*Apple Bancorp, Inc. d/b/a Apple Bank for Savings*

**PRELIMINARY STATEMENT**

Defendant Apple Bank for Savings ("Apple Bank" or the "Bank") respectfully submits that Plaintiffs' motion conditionally to certify a collective action, and for permission to begin the process of notice and consent, is premature (the "Certification Motion").  Prospective members of the putative collective and class should know, for their consent to be informed in the event of certification, whether Apple Bank, which has moved for summary judgment, will continue to be a party to this action.  It is the Bank's position that a Decision and Order on the Certification Motion could be deferred, without prejudice to Plaintiffs, if the Court exercises its discretion to toll, equitably, the statute of limitations from continuing to run.

Indeed, before the Certification Motion was made, the parties had come close to reaching a tolling agreement until their negotiations, unnecessarily in Apple Bank's opinion, broke down. Under these circumstances, it seems eminently sensible, at least to Apple Bank, that it would be reasonable for the Court to impose equitable tolling on the parties and forbear from determining Plaintiffs' Certification Motion, or thereby commencing the process of notice and consent, until the "table" is more fully "set" and the Bank's summary judgment motion has been determined.

**ARGUMENT**

**IMPOSING EQUITABLE TOLLING PENDING THE DETERMINATION OF APPLE BANK'S SUMMARY JUDGMENT MOTION IS APPROPRIATE**

It is reasonable for the Court to refrain from determining Plaintiffs' Certification Motion pending the resolution of the Bank's motion for summary judgment and to impose equitable tolling in the interim.  In *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 (S.D.N.Y. 2006), the Court did just that when it put a plaintiff's motion for class certification "on hold" pending the Court's determination of the defendants' motion for summary judgment.  *Id.* at 196.  Later, following the denial of defendants' motion for summary judgment, the plaintiff sought authorization to send a

663547_3/00452-0209

notice and "opt-in" form to all prospective class members and moved for an order certifying the matter as a collective action pursuant to the FLSA. *Id.* Among other things, the defendants argued that the statute of limitations had run on the claims of potential plaintiffs who had not yet opted into the collective action. *Id* at 199. But the *Lee* court ultimately held equitable tolling of the statute of limitations for potential collective action members was appropriate because of the "procedural posture of the case, whereby the Court directed Plaintiff after he had filed his Complaint to postpone any motions for collective or class action until after its decision regarding summary judgment." *Id* at 200. Thus, the Court deemed the proper path under these circumstances was to delay conditional certification until after a determination regarding summary judgment and apply equitable tolling to avoid any "unfairness" because of the deferral of the decision on conditional certification. So too here.

Apple Bank's motion for summary judgment should be determined before the Court entertains Plaintiffs' Certification Motion so the prospective members of the putative collective and class will know whether Apple Bank will continue to be a party to this action. Application of equitable tolling to the statute of limitations would avoid any prejudice to the prospective members of the putative collective and class. The parties were close to achieving this very result and entering into a tolling agreement until counsel for Plaintiff demanded that she be permitted to withdraw from the tolling agreement at any time. The facts regarding those negotiations are comprised within Exhibit A to the Affidavit of Dean G. Yuzek ("Yuzek Aff." or "Yuzek Affidavit"), sworn to on February 1, 2021.

To summarize, by email on November 30, 2020 at 9:14 AM, counsel for the Bank communicated with the attorneys of record for the parties as follows: "All, please see the attached draft letter to Magistrate Judge Cave regarding a tolling agreement which would defer plaintiffs'

663547_3/00452-0209

motion for conditional collective action certification until defendants' answers and/or motions, referred to in MJ Cave's Scheduling Order, have been filed in accordance with the Order and determined by the Court. Please let me know if the letter is satisfactory, in which event I will e-file it later today." Plaintiffs' counsel reverted by email the same day at 12:47 PM, stating: "Attached please find some minor comments to the letter."  (*Id.*)  The revised letter, with the underscored comments of Plaintiffs' counsel, is annexed to the Yuzek Affidavit as Exhibit B.  The second of two comments made by Plaintiffs' counsel provided that "any party may terminate the tolling agreement at any time upon prior written notice to the other parties." (Yuzek Aff., Ex. B.) Counsel for Apple Bank  then informed Plaintiffs' counsel, at 12:58 PM on November 30, that "I am not going to enter into a tolling agreement if you can just turn around and terminate it at any time." (Yuzek Aff., Ex. A.)  Plaintiffs' counsel responded shortly thereafter, at 1:32 PM, that "I have no *present* intention to terminate the tolling agreement, even with the understanding that you are planning to file a motion for summary judgment.  That said, if the Contractor Defendants plan on filing counter/cross claims against my clients (or their entities) . . . then, I need to file the motion." (*Id.*, emphasis added.)  Counsel for the Contractor Defendants then communicated, also by email, at 4:00 PM, as follows: "Conditioning a tolling agreement on a waiver of the Contractor Defendants' rights under their agreements with certain third parties was never a part of this discussion . . . With that said, Contractor Defendants remain amenable to tolling the potential opt-in plaintiffs' claims, limited to the terms discussed before the Court on November 20." (*Id.*) Several minutes later, Plaintiffs' counsel informed counsel for all Defendants, at 4:04 PM, that "I will alert the Court that we have not been able to reach an agreement on the terms of the tolling agreement." (*Id.*)

663547_3/00452-0209

Despite the parties' inability to reach an agreement, the Court may instead order the equitable tolling of the statute of limitations pending the determination of Apple Bank's summary judgment motion to achieve the same result and leave the determination of Plaintiffs' Certification Motion until after a decision has been rendered on Apple Bank's summary judgment motion. *See, e.g., Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. CV-08-083-PHX-MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008). There, when plaintiffs filed a motion for expedited collective action notification, the Court issued an order denying plaintiffs' motion without prejudice and directing that plaintiffs could re-file the motion after the Court ruled on anticipated motions to dismiss from defendants. *Id.* at *21. After defendants' motions to dismiss were fully briefed, the plaintiffs filed a motion for an equitable tolling of the statute of limitations. *Id.* The *Stickle* Court granted plaintiffs' motion, and tolled plaintiffs' statute of limitations from the date the motion to dismiss was filed until the date plaintiffs re-filed the motion for expedited collective action notification because equitable tolling of the statute of the limitations under the FLSA was proper and "in the interest of justice." *Id.* at *22.

A similar result is proper here. Apple Bank respectfully requests that this Court forbear from determining Plaintiffs' Certification Motion until *after* Apple Bank's summary judgment motion is decided. In the interim, this Court should apply equitable tolling, which eliminates any prejudice or unfairness potentially caused by the deferral of the certification issue.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion should be denied with leave to refile after a determination of Apple Bank's motion for summary judgment, or held in abeyance until such time, and the statute of limitations should be equitable tolled pending determination of Apple Bank's motion.

4

663547_3/00452-0209

Dated: New York, New York
      February 1, 2021

Respectfully submitted,

**INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP**

By:_____
    Dean G. Yuzek (dyuzek@ingramllp.com)
    Jennifer B. Zourigui (jzourigui@ingramllp.com)
    Amanda B. Grannis (agrannis@ingramllp.com)
150 East 42nd Street, 19th Floor
New York, New York, 10017
(212) 907-9600

5

663547_3/00452-0209