# Exhibit J

# GRC SOLUTIONS

MASTER SERVICES AGREEMENT BETWEEN GRC SOLUTIONS, LLC & APPLE BANK FOR SAVINGS


# GRC SOLUTIONS

March 27, 2018

Mr. Andrew Jones
Assistant Vice President
Vendor Management
Apple Bank for Savings
122 East 42nd Street
New York, NY 10168

Dear Mr. Jones,

We are pleased to have this opportunity to enter into a Master Services Agreement between GRC Solutions, LLC and Apple Bank for Savings. This Master Services Agreement ("the MSA") dated March 27, 2018, is by and between GRC Solutions, LLC, ("GRC" or the "Firm") a New Jersey Company located at 33 Wood Ave. Suite 600, Iselin, NJ 08830 and Apple Bank for Savings, a New York banking corporation, its affiliates and subsidiaries, as applicable (collectively, the "Bank" or "Apple Bank"), with an office located at 122 East 42nd Street, New York, NY 10168.

WHEREAS, GRC's business is in providing technology consulting services to financial institutions in support of their business strategy, cybersecurity, and/or financial crimes prevention; and

WHEREAS, Apple Bank desires to supplement previous Statements of Work ("SOWs") in which GRC was engaged to perform certain services and to establish this MSA in connection therewith and for other services under subsequent SOWs, if applicable;

THEREFORE, the parties hereto agree as follows:

    **Agreement and Terms** This MSA is effective upon final execution and will apply to the delivery of consultation services as outlined in the SOWs that may be proposed and approved by each of the parties. In the event that an SOW is expanded, revised, or modified, the parties shall prepare and sign an amended or new SOW. Absent the execution of a SOW, this MSA does not, in and of itself, represent any commitment by the parties. By executing this MSA, the Firm and the Bank agree to be bound by the following terms and conditions. The term of this MSA will commence on the Effective Date set forth above and will continue until terminated by either party as set forth below.

1. **Expenses** In addition to the basic fees, which will be stipulated within a particular SOW, the Firm may assess a reasonable allocated technology and administrative overhead factor on all SOWs, with the maximum percentage capped at 8% on the total gross professional fees. All out-of-pocket expenses for costs relating to travel are also billed separately.

2. **Privacy and Confidentiality** Pursuant to the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. 6801 and 6805(b) and all regulations promulgated thereunder, and the Interagency Guidelines Establishing Standards for Safeguarding Customer Information, 12 CFR Part 364, Appendix B, all data and information relating to Bank's customers provided to GRC including any nonpublic personal information ("client customer information") shall be treated confidentially and safeguarded by GRC. GRC shall not disclose or use any such client customer information except as necessary to carry out the services for which GRC has

4841-3791-2160v.2 0110703-000002

Confidential Information – Information Security and Privacy Controls Required

been engaged under an SOW or as required by applicable law.

GRC shall safeguard (A) any client customer information, and (B) all other confidential, proprietary or nonpublic information of the Bank regarding its business, operations, plans or strategies (collectively, "Confidential Information" or "CI") through appropriate measures designed to ensure the security and confidentiality of the CI; protect access, availability and integrity of the same; protect against any anticipated threats or hazards to the security or integrity of the CI; and protect against unauthorized access or use of the CI that could result in substantial harm or inconvenience to a customer or to the Bank.

GRC, its officers, employees, representatives, agents and/or subcontractors (herein, "GRC Agents") are held to the highest standards of maintaining the confidentiality of all CI provided by our clients, including client customer information. GRC Agents shall not discuss information provided by our clients with any outside party, and shall discuss such information with other GRC Agents only on a bona fide, business-related, need-to-know basis. In addition, GRC Agents shall make every reasonable effort to ensure that all CI, client materials and records are kept under proper physical safeguards and access controls, and that such materials will not be accessible by unauthorized persons. In addition, all GRC Agents shall be subjected to a thorough background check prior to, or as soon as practicable after, commencing SOW services, in accordance with applicable statutes, rules and regulations.

GRC shall engage only Agents who are professionally competent to perform the particular services described in the SOW. GRC Agents shall perform the work in compliance with MSA and SOW terms and conditions during their performance of SOW services (including, without limitation, by adhering to the applicable professional standards, ethical obligations, contractual duties to protect CI, and Information Security requirements as set forth and incorporated herein). Apple Bank has no responsibility for the supervision and/or monitoring of GRC Agents to ensure their compliance with MSA and SOW terms and conditions.

3. **Information Security** Supplementing the provisions of section 2 above, GRC hereby incorporates by reference the related Addendum to Third-Party Service Provider Agreement executed contemporaneously herewith, with regard to NYS Department of Financial Services' ("DFS") Cybersecurity Requirements for Financial Services Companies, set forth at 23 NYCRR Part 500 and shall ensure GRC Agents' performance in accordance with its terms.

4. **Non-Solicitation** To avoid the potential for (or the appearance of) any actual or potential conflict of interest (including, without limitation, lack of GRC Agent independence) the Bank shall not knowingly solicit for employment or other engagement, nor thereafter employ or engage, any GRC Agent who is then performing SOW services for the Bank or has performed such SOW services within the one calendar year period prior to such solicitation or hire/engagement. An intentional breach of this provision shall be deemed a material breach of this MSA by the Bank, and the Bank shall pay GRC Solutions liquidated damages up to a maximum of 125% of the Agent's annualized GRC compensation (based on amounts actually paid by GRC to said Agent during that calendar year).

5. **Termination of SOW With or Without Cause**

    (a) Without Cause. Except to the extent an SOW provides otherwise either Party may terminate an individual SOW for which services have not yet commenced, without "Cause" upon 45 days' written notice. An SOW for which substantial services have commenced may not be terminated without cause.

    (b) With Cause. Except to the extent an SOW expressly limits or differently defines the concept of termination for cause, either Party may terminate any SOW with "Cause." For purposes of this provision, "Cause" means a material breach of such SOW, including, without limitation, failure by the Bank to pay amounts due and not subject to a dispute claimed in good faith, or either Party's material breach of a statement,

representation, covenant, or performance obligation (including, without limitation, by GRC Agents), which breach is not substantially cured or remedied within thirty (30) days after written notice to the breaching party identifying the alleged breach (and the time to cure or remedy has not otherwise been extended in writing). Termination of the MSA for "Cause" is permissible only to the extent that a related individual SOW has been terminated.

(c) Nothing in this Paragraph 5 shall be construed to terminate any paragraph or provision in this MSA, or any rights, obligations or liabilities in such paragraph or provision, which is expressly stated to survive this agreement.

6. **Indemnity.**

Subject to section 8 below, GRC shall be liable and shall indemnify the Bank for any loss or damages that may arise from GRC's ordinary negligence or material breach of any SOW (or the MSA as it may relate to such SOW) that remains uncured for 30 calendar days after written notice. Except for claims based upon gross negligence, willful misconduct or violations of law or regulations caused by GRC or GRC Agents (see section 8, below), the Bank's recovery upon any claim for contract breach or ordinary negligence on GRC's part cannot exceed the total fees relating to the engagements under the SOWs specified herein and subsequently entered. GRC will act in good faith in processing any such claim. GRC shall not be liable for consequential, special, or incidental losses or damages.

7. **Insurance.**

The Firm shall maintain the following minimum insurance coverages relative to its performance under this MSA and any SOW.

*INSURANCE REQUIREMENTS*

General Liability:	$1,000,000 - Each Occurrence
	$2,000,000 - General Aggregate
	$1,000,000 - Completed Operations Aggregate
	$1,000,000 - Personal & Advertising Injury
	$50,000 - Fire Damage (any one fire)
	$5,000 - Medical (any one person)

Errors & Omissions Insurance - Professional Liability:	$5,000,000 – General Aggregate

Automobile Liability:	$1,000,000 - Combined Single Limit

Umbrella/Excess Liability:	$5,000,000 - Each Occurrence

Workers Compensation & Employers Liability:	Statutory Limits

Each original and renewal certificate must include, for the benefit of Apple Bank for Savings, the following:

(A) Additional Insured - "Apple Bank for Savings (and Landlord) is (are) included as additional insured(s) on the general liability policy listed herein as respects any and all operations performed or products supplied on its behalf by the Insured, and/or any subsidiaries, affiliates, agents, or representatives of the Insured."

(B) Cancellation Clause - "The Insurer will not cancel or reduce the insurance afforded under the above policies without first providing 30 days' written notice of such intent, except a 10-day notice may be provided when due to non-payment of premium."

4841-3791-2160v.2 0110703-000002

Confidential Information – Information Security and Privacy Controls Required

CERTIFICATE HOLDER:
Apple Bank for Savings
122 East 42nd Street, 9th floor
New York, N.Y. 10168

8. **GRC Liability and Indemnification for Gross Negligence, Willful Misconduct or Violations of Law or Regulations by GRC or GRC Agents.** This provision is intended to supplement section 7. In the event of the gross negligence, willful misconduct or violations of law or legal regulations caused by GRC and GRC Agents in the performance of services under this MSA or an SOW, GRC shall forever release, indemnify and hold the Bank, its directors, officers, employees or representatives harmless from and against any claim, demand, action, suit, cause of action, proceeding, special proceeding, judgments, settlements, costs or expenses (including reasonable attorneys' fees and costs) (A) for alleged injuries to persons or property liability and for any loss, item of damages, including consequential damages, restitution or other orders, legal or regulatory violations, including fines assessed or levied against the Bank or any of the aforementioned persons by any regulatory agency or body (herein, "Loss") attributable to GRC or GRC Agents, and/or (B) for any such Loss (except for consequential damages) similarly incurred or sustained by a third-party, person or entity by reason thereof. Notwithstanding the foregoing, the Bank's maximum potential recovery under section 6 or this section 8 will be $5 million, and GRC shall have the right to assert and establish at mediation or in a court of law the defense of comparative negligence in the event that the information security standards and controls employed by the Bank on the computers used at its premises by GRC and GRC Agents were the proximate cause of the Loss under this section

9. **Dispute Resolution.**

    (a) *Meet and Confer.* Prior to commencing an action in a court of competent jurisdiction concerning any dispute arising out of or related to this MSA or applicable SOW (other than for injunctive relief to protect CI), the parties shall promptly meet and confer in good faith to discuss and resolve such dispute.

    (b) *Mediation.* If the Parties fail to resolve the dispute at the Meet and Confer stage, the dispute shall (prior to commencing an action in a court of competent jurisdiction) be submitted to mediation before (and pursuant to the commercial dispute rules of) the American Arbitration Association ("AAA") in New York, New York. Costs of any mediation proceeding shall be shared equally by both parties.

10. **Proposal Change Request** The scope of all initiatives will be stipulated under each SOW. The SOW shall include the specific scope of work that GRC will be engaged to perform. Any changes to the scope of work shall be confirmed in writing with the Bank through a written Proposal Change Request (PCR) which shall define the scope of change. GRC will not proceed on an agreed upon change in scope or additional hours until provided written approval of such by the Bank.

11. **Deliverables** Any reports issued summarizing the work performed and the results obtained related to a particular SOW are issued specifically for the management, Board of Directors, and stakeholders of the Bank. The Bank agrees that any reports or other materials issued or prepared by GRC will not be used by or circulated, quoted, disclosed, or distributed to, nor will reference to such reports or other materials be made to anyone who is not an employee, a member of management, a member of the Board of Directors of the Bank or to any other third-party without the prior written consent of GRC, which may not be unreasonably withheld. However, the Bank may provide a copy of a GRC report to (i) a regulator with oversight authority over the Bank, if requested by the regulator, or (ii) to the Bank's attorneys. However, the Bank agrees that it will not provide a GRC report to any other service

4841-3791-2160v.2 0110703-000002

Confidential Information – Information Security and Privacy Controls Required

provider for the purpose of their providing services to the Bank relating to the Bank's compliance or other operational programs, without GRC's written approval, which may not be unreasonably withheld, and provided that such service provider comply with the restrictions on disclosures set forth in this paragraph. This MSA shall not create any privity between GRC and any third party. Neither the GRC work product nor the services provided hereunder are intended for the express or implied benefit of any third party.

12. Assignment GRC may not assign the MSA or any SOW under any circumstances without the previous written consent of the Bank, which may be withheld for any reason.

IN WITNESS WHEREOF, the undersigned have executed this MSA as of the date set forth above: Apple Bank for Savings

By: *[signature]*
Name: Michael E. Mikos
Title: BSA Officer

GRC Solutions, LLC
By: *[signature]*
Name: THEODORE R. KAWECKA
Title: Managing Director
3/29/18

Confidential Information – Information Security and Privacy Controls Required



## Statements of Work

### Projects Completed to Date

| Statement of Work | Proposed Date | Signed Date |
|---|---|---|
| BSA/AML Monitoring System - Model Validation | November 13, 2015 | January 12, 2016 |
| BSA/AML & OFAC Risk Assessment | December 4, 2015 | January 12, 2016 |
| BSA/AML & OFAC Risk Assessment | February 24, 2017 | February 28, 2017 |

### Projects in Progress

| | | |
|---|---|---|
| BSA/AML Transaction Lookback Review | March 8, 2016 | April 13, 2016 |
| BSA/AML Monitoring System – Model Validation | May 31, 2017 | June 12, 2017 |
| Information Technology Risk Assessment | July 24, 2017 | July 25, 2017 |

### Future Projects

BSA/AML & OFAC Risk Assessment (2017)

Confidential Information – Information Security and Privacy Controls Required