UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURRY, et al.,<br><br>                    Plaintiffs,<br><br>          -v-<br><br>P&G AUDITORS AND CONSULTANTS, LLC, et al.,<br><br>                    Defendant(s). | CIVIL ACTION NO.: 20 Civ. 6985 (LTS) (SLC)<br><br>**REPORT OF RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN** |

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on February 19, 2021 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

**1.      Court Expectations:**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

1

**2.     Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

Plaintiffs are anti-money laundering compliance specialists who were hired by the Contractor Defendants, GRC, PGX, LLC and P&G, to work for Apple Bank on a long term multi-phase Apple Bank compliance project. Plaintiffs and the class were required by both Apple Bank and the contractor defendants to work between 60 -80 hours a week to complete the project in the timeframe that Apple Bank and the Contractor Defendants dictated. Plaintiffs in the class performed all their job duties on Apple Bank premises using Apple Bank's equipment and materials. The Contractor Defendants and Apple Bank directed all aspects of Plaintiffs' and the Class Members' conditions of employment including rates of pay, scheduling, and day-to-day supervision of the work product. Contractor Defendants mandated that Plaintiffs and the Class Members work at least 40 hours per week, and Plaintiffs and the Class Members often worked in excess of 70 hours per week. Nevertheless, Defendants did not pay Plaintiffs and the Class Members overtime premiums. Based on the foregoing, Plaintiffs have asserted claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and New York Labor Law ("NYLL") and related regulations, 12 NYCRR § 137-2.2, and for failure to provide the wage notices and wage statements required under NYLL § 195. Plaintiffs have brought their FLSA claim as a putative collective claim, and their motion for conditional collective certification is currently pending. Plaintiffs have brought their NYLL claims as class claims and expect to move for class certification pursuant to Rule 23 after completing sufficient discovery to do so.

As to the cross-claims asserted by Defendant PGX, LLC against Plaintiff Curry and Plaintiff Pilgrim Brown and their companies and family members, Plaintiffs contend that the cross-claims are meritless and retaliatory. PGX is asking Plaintiffs and their companies and family members to indemnify them in retaliation for exercising their statutorily protected rights. These claims for indemnification are barred in this Circuit. *See Herman v. RSR Sec. Srvs.*, 172 F.2d 132 (2d Cir. 1999).

Defendant(s):

*On behalf of defendants P&G, GRC and PGX*

This dispute involves two discrete lookback review projects, the first of which ran from mid-2017 to February 2018 and the second of which ran from April 2018 to August 2018. These two projects involved different project managers and different contracting counterparties. For instance, the plaintiff Ricardo Mazzitelli provided services in the first project but provided no services in connection with the second project. The plaintiff Jacqueline Brown-Pilgrim provided services for a short period of time in connection with the second project only, and terminated her relationship with PGX in mid-May.

The three named plaintiffs, as well as all members of the putative collective or class, were properly engaged as independent contractors. For years, these three plaintiffs have held themselves out as independent contractors, operated through business entities rather than in their individual capacities, and provided Anti-Money Laundering consulting services to similar clients,

both prior to and subsequent to the projects at issue in this dispute.  Based upon the representations that the plaintiffs made to GRC (in the first lookback project) and/or PGX (in the second lookback project) in connection with their bids for work, the defendants had good-faith reason to believe that the plaintiffs were seeking work as independent contractors rather than employees, and as such, the FLSA's two-year limitations period should apply, thereby rendering each of the plaintiffs' claims under the FLSA time-barred.

It is Defendants' position that this case is inappropriate for treatment as a class or collective. The factors at issue in determining the economic realities of purported class members' relationship with the defendants are so individualized that proceeding on a class-wide or collective basis would necessarily involve mini-trials for each member of the class or collective.  To identify only some examples, Brown-Pilgrim provided services for a limited period of time before electing to end her relationship with PGX, whereas Curry provided services in connection with both projects. Mazzitelli provided services pursuant to an agreement with GRC, whereas Brown-Pilgrim provided services pursuant to an agreement with PGX – and Curry provided services pursuant to agreements with both.  These and other considerations weigh against class or collective treatment.

Contractors providing services in connection with the second project agreed to defend PGX in connection with any dispute or controversy that arose out of the parties' relationship.  After the plaintiffs commenced this action, PGX put its contracting counterparties KDC Consulting LLC and Bropil Consulting LLC on notice of its intent to enforce its contractual rights.  Rather than honor those contractual commitments, Curry and Brown-Pilgrim, the managing members of those business entities, filed certificates of dissolution with their respective Secretaries of State.  It is on this basis that PGX has asserted crossclaims sounding in breach of contract and fraudulent conveyance.

*On behalf of defendant Apple Bank*

Apple Bank was required by Federal and New York State regulators to engage a qualified independent firm to, *inter alia*, monitor Apple Bank's practices and procedures regarding the Bank Secrecy Act, Anti-Money Laundering, Office of Foreign Assets Control program, and other risk-based regulations. Apple Bank then contracted with GRC Solutions, LLC ("GRC") as the qualified independent entity to undertake such work. Regardless whether Plaintiffs were employees of GRC or independent contractors, Plaintiffs have admitted in Declarations filed in this action that Apple Bank did not supervise, direct, or control their work. Plaintiffs cannot establish their claim that Apple Bank was a joint employer because Plaintiffs are unable to satisfy the criteria under the applicable formal or functional control factors to support such a characterization of Apple Bank. Apple Bank has moved for summary judgment on this basis and that motion is currently pending.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**:

This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

4. **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

With respect to Plaintiffs' FLSA and NYLL claims, Plaintiffs anticipate seeking discovery with respect to the hours worked, compensation, and job duties of Plaintiffs and putative class members. Plaintiffs will also seek discovery relating to the issues of whether they and putative class members were employees or independent contractors, whether Apple Bancorp, Inc. constitutes a joint employer with the other Defendants, Defendants' knowledge of relevant wage and hour laws, and the willfulness of any FLSA and/or NYLL violations. To the extent PGX's cross-claims against Plaintiffs and/or their companies are not dismissed, Plaintiffs will also seek discovery relating to those cross-claims.

Defendant(s):

*On behalf of defendants P&G, GRC and PGX*

It is defendants' position that discovery in this matter should be bifurcated, limiting discovery in the first instance to the issue of the three named plaintiffs' status as independent contractors. Defendants submit that this phased approach to discovery will increase efficiency, reduce costs and lead to a faster resolution of the case.

Under this phased approach, defendants will seek discovery into the economic realities of their relationships with the plaintiffs, including but not limited to the following:
- Plaintiffs' investments in their business activities as Anti-Money Laundering consultants;
- Plaintiffs' prior and subsequent contracting agreements with counterparties in the financial services community;
- The terms and conditions under which those consulting services were provided;
- Plaintiffs' representations to federal and state taxing authorities concerning income derived from their contractual relationships with the defendants; and
- The extent to which any of the defendants exercised formal or functional control over Plaintiffs' provision of services.

Concerning PGX's crossclaims, it will seek information concerning the dissolution of Bropil Consulting LLC and KDC Consulting LLC and the disposition of those business entities' assets.

*On behalf of defendant Apple Bank*

Apple Bank agrees with the bifurcated approach to discovery proposed by defendants P&G, GRC and PGX.

5. **Informal Disclosures**:

Plaintiffs will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by 3/5/21. On 3/12/21, Plaintiffs will produce an initial set of relevant documents

identified in their Initial Disclosures and will continue to supplement their production.

Defendants will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by 3/5/21. On 3/12/21, Defendants will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

**6.    Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

    A.    All fact discovery must be completed by 9/30/21. However, Plaintiffs' position is that if a class is certified, they may need to seek certain class discovery after this date. Within **one week** of the close of fact discovery, that is 10/7/21, the parties must file a joint letter on the docket certifying that non-class fact discovery is complete.

    B.    The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

        i.   Depositions: Depositions shall be completed by 9/30/21. Plaintiffs' position is that each party should be permitted to take up to 10 depositions. Defendants' position is that each party should be permitted to take up to 3 depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

        ii.   Interrogatories: Initial sets of interrogatories shall be served on or before 3/19/21. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

        iii.   Requests for Admission: Requests for admission must be served on or before 8/30/21, and in any event no later than 30 days before the fact discovery

      deadline.

   iv.   <u>Requests for Production</u>:   Initial requests for production were/will be exchanged on 3/19/21 and responses shall be due on 5/7/21. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

   v.   <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7.** **<u>Anticipated Discovery Disputes</u>:**

   Describe any anticipated discovery disputes or proposed limitations on discovery.

*On behalf of defendants P&G, GRC and PGX*

It is the defendants' position that discovery in this matter should be bifurcated, deferring class discovery and limiting discovery in the first instance to the issues of the three named plaintiffs' status as independent contractors, and the issue of whether the FLSA's two-year or three-year limitations period applies to the plaintiffs' claims. Defendants submit that this phased approach to discovery will increase efficiency, reduce costs and lead to a faster resolution of the case.

*On behalf of defendant Apple Bank*

Apple Bank agrees with the bifurcated approach to discovery proposed by defendants P&G, GRC and PGX.

*On behalf of Plaintiffs*

Prior to Rule 23 class certification, Plaintiffs will seek discovery of certain documents for a sample of putative class members. Plaintiffs do not believe that discovery should be bifurcated in the manner proposed by Defendants.

**8.** **<u>Amendments to Pleadings</u>:**

   a.   Does any party anticipate amending the pleadings? Plaintiffs expect to amend their complaint.

   b.   Last date to amend any pleading is 6/7/21.

**9.** **<u>Expert Witness Disclosures</u>:**

   a.   Does any party anticipate utilizing experts?

*On behalf of defendants P&G, GRC and PGX*

Defendants anticipate that expert testimony will be necessary to provide insight into practices and standards in the Anti-Money Laundering profession.

        b.       Expert discovery shall be completed by 11/30/21.

Within **one week** of the close of expert discovery, that is, 12/7/21, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10.**    **Electronic Discovery and Preservation of Documents and Information:**

        a.       Have the parties discussed discovery of electronically stored information (ESI)? Counsel for the parties have held preliminary discussions concerning ESI and have agreed that the ESI protocol may be informed by the parties' respective demands for discovery.

        b.       Is there an ESI discovery protocol in place? No. The parties expect to have one in place by April 2, 2021.

        c.       Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? Not at this time.

**11.**    **Early Settlement or Resolution:**

The parties have/**have not** (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than close of discovery. The following information is needed before settlement can be discussed:

General discovery concerning the claims and defenses at issue in the litigation.

**12.**    **Trial:**

        a.       The parties anticipate that this case will be ready for trial by the later of 60 days after a post-discovery summary judgment decision, the completion of class discovery, or the denial of Rule 23 class certification.

        b.       The parties anticipate that the trial of this case will require 5 days.

        c.       The parties do/**do not** (circle one) consent to a trial before a Magistrate Judge at

this time.

d. The parties request a jury/bench (circle one) trial.

**13. Other Matters:**

Respectfully submitted this 22nd day of February.

DAVIS WRIGHT TREMAINE LLP

By: /s/_____
Michael J. Goettig
Lyle S. Zuckerman
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
*Counsel for Defendants
P&G Auditors and Consultants, LLC, GRC Solutions, LLC and PGX, LLC and Crossclaim Plaintiff PGX, LLC*

**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**

By: /s/_____
Dean G. Yuzek
Jennifer B. Zourigui
Amanda B. Grannis
150 East 42nd Street, 19th Floor
New York, New York, 10017
(212) 907-9600
*Attorneys for Apple Bank for Savings sued herein as Apple Bancorp, Inc. d/b/a Apple Bank for Savings*

ATTORNEYS FOR PLAINTIFF(S):

By: /s/ Julia Klein
Julia Klein
120 East 79th Street, Suite 1A
New York, New York 10021
347.292.8170
jklein@kleinlegalgroup.com
Attorneys for Plaintiff

Dated: New York, New York
_____, 20_

SO ORDERED

_____

**SARAH L. CAVE**
**United States Magistrate Judge**