

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

Michael Goettig
(212) 603-6498 tel
(212) 379-5202 fax

michaelgoettig@dwt.com

June 3, 2021

**VIA ECF**

Honorable Sarah L. Cave, United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

    Re: *Curry v. P&G Auditors, et al.*, Docket No. 20-cv-06985 (LTS)(SLC)

Your Honor:

    This firm represents the defendants named as P&G Auditors and Consultants, LLC, GRC Solutions, LLC and PGX, LLC ("Contractor Defendants") in the above referenced action.  I write pursuant to the Court's request at last week's oral argument for case law analyzing the significance of a plaintiff's decision to operate through a business entity on the validity of his or her claims of entitlement to unpaid overtime, particularly in the context of a motion for notice of pendency pursuant to 29 U.S.C. § 216(b).

    As a threshold matter, in assessing whether an individual is an employee entitled to the protections of the FLSA, courts in the Second Circuit consider the following:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the [alleged] employer's business.

*Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1058-59 (2d Cir. 1988); *see also Hart v. Rick's Cabaret Int'l, Inc.,* 967 F.Supp.2d 901, 912 (S.D.N.Y. 2013).  In this respect, the primary consideration under the FLSA is the "economic reality" of the relationship between the parties – whether "the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock,* 840 F.2d at 1059.

    As summarized in Contractor Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Collective Action Notice (Docket Doc. No. 82), the investment of time and resources attendant to establishing a business entity is one factor under the totality of the circumstances in support of a finding that individuals are in business for themselves.  In *Saleem*

Hon. Sarah L. Cave
June 3, 2021
Page 2

*v. Corporate Transp. Group, Ltd.*, the Second Circuit Court of Appeals noted in relevant part that an arm's-length agreement between two business entities, while not dispositive, is relevant to "the parties' belief about the nature of the relationship." Such a contract demonstrates the plaintiffs' "independence and initiative" in entering into agreements that "best fit their business plan," thereby supporting the proposition that the individuals in question were "in business for themselves." 854 F.3d 131, 140 (2d Cir. 2017) (collecting cases and affirming the lower court's finding that the plaintiffs were independent contractors as a matter of law). *See also, e.g., Browning v. Ceva Freight, LLC*, 885 F.Supp.2d 590 (E.D.N.Y. 2012).

There is a dearth of relevant case law in the Second Circuit addressing the consideration that should be paid to this fact in the first step of Section 216(b)'s two-step conditional certification process. However, even at this early stage, the Court should reject Plaintiffs' contention that the common fact that they and all other AML professionals to whom they seek to send court-authorized notice operated through business entities weighs in favor of conditional certification. This is because "the mere classification of a group of [alleged] employees … as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." *Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 322-23 (E.D.N.Y 2012) (collecting cases and denying plaintiff's motion to distribute notice of pendency).

Contractor Defendants appreciate the Court's consideration of this submission.

Respectfully submitted,

Davis Wright Tremaine LLP

/s/

Michael Goettig