UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH CURRY ET AL.,

                     Plaintiffs,

against

P&G AUDITORS AND CONSULTANTS, LLC ET AL.,

                     Defendants.

CIVIL ACTION NO.: 20 Civ. 6985 (LTS) (SLC)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order concerning confidentiality (the "Protective Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. While such a dispute is pending, the material designated as Confidential Information shall continue to be treated as confidential pursuant to this Protective Order until such time as the parties or the Court reach a resolution.

      4.    Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      5.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

          a.    The requesting party, all counsel of record retained specifically for this action and in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    d.    As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    e.    Any witnesses and potential witnesses who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    f.    Stenographers engaged to transcribe depositions conducted in this action;

    g.    Any private mediator used in this litigation; and

    h.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.    Prior to disclosing or displaying the Confidential Information to any person designated in Sections 5(c) or (e) above, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign a Non-Disclosure Agreement to be bound by this Protective Order in the form attached as Exhibit A.

7.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If at any time prior to the trial of this action, a disclosing person realizes that some portion(s) of discovery material that that person previously produced without limitation should be designated as Confidential Information, that party may so designate by apprising all parties in writing, and such designated portion(s) of the discovery material will thereafter be treated as Confidential under the terms of this Protective Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

By: *s/ Denise A. Schulman*

Denise A. Schulman
**JOSEPH & KIRSCHENBAUM LLP**
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640

Julia Klein
**KLEIN LAW GROUP OF NEW YORK PLLC**
120 East 79th St., Suite 1A
New York, New York 10021
(347) 292-8170

Melissa Mazzitelli
**ROLLER LAW GROUP**
801 NE 167th St, Second Floor
North Miami Beach, Florida 33162
(954) 828-0333

*Attorneys for Plaintiffs and Putative Class and Collective Members*

By: *s/ Seth D. Kaufman*

Brian J. Gershengorn
Seth D. Kaufman
Justin W. Reiter
**FISHER & PHILLIPS LLP**
The New York Times Building
620 Eighth Avenue, 36th Floor
New York, New York 10018
(212) 899-9960

*Attorneys for Defendants*

By: *s/ Jennifer B. Zourigui*

Dean G. Yuzek
Jennifer B. Zourigui
Amanda B. Grannis
**INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**
150 East 42nd Street, 19th Floor
New York, New York 10017
(212) 907-9600

*Attorneys for Defendant Apple Bancorp, Inc. D/B/A Apple Bank For Savings*

Dated: New York, New York
December 9, 2021

SO ORDERED.

_____  12/10/2021
SARAH L. CAVE
United States Magistrate Judge

690175_1/00452-0209

**Exhibit A**

**Non-Disclosure Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)

690175_1/00452-0209