UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURRY, et al.,<br><br>                    Plaintiffs,<br><br>     -v-<br><br>P&G AUDITORS AND CONSULTANTS, LLC, et al.,<br><br>                    Defendants. | CIVIL ACTION NO.: 1:20 Civ. 6985 (LTS) (SLC)<br>                           1:21 Civ. 11017 (LTS) (SLC)<br><br>**ORDER** |
| CURRY, et al.,<br><br>                    Plaintiffs,<br><br>     -v-<br><br>GRC SOLUTIONS, LLC and PGX, LLC,<br><br>                    Defendants. | |

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 226), and have submitted a joint Letter-Motion in support of settlement (ECF No. 222) and proposed settlement agreement (ECF No. 222-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

Where a proposed settlement of FLSA claims includes fees and costs, "district courts will . . . evaluate the reasonableness of the fees and costs." Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citing Cheeks, 796 F.3d at 206). "Recoverable costs are 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" Burns v. Scott, No. 20 Civ. 10518 (SLC) (JGK), 2022 WL 10118491, at *15 (S.D.N.Y. Oct. 17, 2022) (quoting

LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." Fisher, 948 F.3d at 600 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)); see Rodriguez v. Clearbrook Mgmt. Inc., No. 22 Civ. 4422 (JLR) (SLC), 2022 WL 17325813, at *1 (S.D.N.Y. Nov. 28, 2022) (directing the parties to provide documentary evidence of fees and costs to assess reasonableness of settlement agreement).

Although the Settlement Agreement contemplates an allocation of costs to Plaintiffs' counsel, the parties have not submitted for the Court's review documentation supporting their request for costs, such as receipts or invoices, without which the Court cannot complete its review of the proposed settlement. See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (recommending denial of postage costs where party failed to submit documentation substantiating the amounts reflected in attorney billing records), adopted by, 2022 WL 1751163 (S.D.N.Y. May 31, 2022); Inga v. Nesama Food Corp., No. 20 Civ. 0909 (ALC) (SLC), 2021 WL 3624666, at *15 (S.D.N.Y. July 30, 2021), (recommending denial of process fee, photocopying, and mailing costs that lacked documentary support), adopted by, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021).

Accordingly, by **Tuesday, February 14, 2023**, Plaintiffs' counsel shall submit appropriate billing records and costs documentation corresponding with the requested amount of attorneys' fees and costs in the proposed settlement.

Dated:      New York, New York              SO ORDERED.
            February 7, 2023

2

_____
**SARAH L. CAVE**
**United States Magistrate Judge**